# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:22-CV-00297-KDB

| | |
|---|---|
| ROGER LEE ROBINETTE, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b). (Doc. No. 22). Having reviewed the motion and the supporting materials, the Court finds that Plaintiff should not be awarded attorney's fees in the net amount of $48,561.50 ($54,461.50 less the $5,900.00 already paid to the Plaintiff's attorney under the Equal Access to Justice Act ("EAJA")) as requested, and which equates to 25 percent of Plaintiff's past-due benefits, because it is unreasonable. Instead, for the reasons set forth below, the Court will award a reasonable net fee of $28,826.25.

These fees are to be paid from Plaintiff's past-due benefits pursuant to § 406(b). Upon receipt of the § 406(b) fee, Plaintiff's counsel shall pay the Plaintiff the EAJA fee of $5,900.00, which has already been paid.

I.  **LEGAL STANDARD**

When a district court issues a decision favorable to a claimant under the Social Security Act ("SSA"), the Court may award a reasonable attorney's fee out of the past due benefits of the

1

claimant, up to 25% of the past due benefits. 42 U.S.C. § 406(b)(1). In *Gisbrecht v. Barnhart*, the Supreme Court held that:

> § 406(b) calls for court review of such arrangements to ensure that they yield reasonable results in particular cases. Within the 25 percent boundary Congress provided, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts have reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

535 U.S. 789, 791 (2002).

An attorney for a successful claimant must show that the amount of the fee sought is reasonable for the services provided. *Id.* at 807. In calculating a reasonable amount, courts may "consider the overall complexity of the case, the lawyering skills needed to handle it effectively, the risks involved, the nature and extent of the lawyer's work in court, and the results he or she achieved for the claimant by virtue of that work." *Stephanie H. v. O'Malley*, No. 5:20-CV-00093, 2024 WL 504004, at *4 (W.D. Va. Feb. 9, 2024). *See also Mudd v. Barnhart*, 418 F.3d 424, 426–29 (4th Cir. 2005). The court, therefore, is vested with the discretion to determine what constitutes a reasonable attorney's fee under § 406(b). *Mudd*, 418 F.3d at 427.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a civil action in this Court for review of the Social Security Administration's decision denying benefits under the SSA in July 2022. Doc. No. 1. The SSA filed a Consent Motion to Remand in January 2023, which was granted. Docs. No. 16, 17. Upon remand, Plaintiff's claim was granted, and he was awarded $246,646.00 in past due benefits. Doc. No. 23-1. Under the EAJA, Plaintiff's attorney was awarded $5,900.00 in attorney's fees in April 2023. Doc. No. 21.

Plaintiff's attorney has now requested a net fee of $48,561.50 under § 406(b). Doc. No. 22. Plaintiff's attorney reports three attorneys worked on the case: a senior attorney (George Piemonte) with nearly three decades' experience handling SSA disability claims, and two brief-writing attorneys (Jonathan Heeps and Laura Beth Waller) with fourteen- and twelve-years' experience, respectively, for a total of 26.8 hours. Docs. No. 23 at 5, 23-4. Piemonte's time was spent reviewing the case for merit, drafting the complaint, preparing a status report, and reviewing the SSA's answer to the complaint. Doc. No. 23-4. Heeps' and Waller's time was dedicated to researching, drafting, and editing the brief. *Id.*

Heeps' and Waller's affidavits indicate that the fair market value of attorney services for brief-writing in the district court is "in excess of $250.00 per hour," and Plaintiff's attorney suggests that a reasonable market-based non-contingent hourly rate for an experienced Social Security disability litigator is between $350.00-425.00 per hour. *See* Docs. No. 23-7, 23-8, 23 at 5. Because of the risk associated with taking cases on contingency, Plaintiff's attorney further suggests a multiplier of at least 3 is reasonable to compensate. Doc. No. 23 at 6.

### III.  DISCUSSION

As stated, Plaintiff's attorney requests a net fee of $48,561.50 under § 406(b). Based on the reported hours worked, that equates to an hourly rate of about $1,812.00. After accounting for the "risk" multiplier of 3.0, the hourly rate becomes approximately $604.00. This is well above the referenced market-based non-contingent rate range of $350.00-425.00 per hour, and thus the Court finds it unreasonable.

The Supreme Court explains that a contingent fee agreement is unreasonable where it constitutes a "windfall" to the attorney. *Gisbrecht,* 535 U.S. at 808 (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). *See also Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. CV

JMC-19-1568, 2022 WL 7099730 (D. Md. Jan. 27, 2022) (denying an attorney's motion for 406(b) fees when he could not demonstrate that an effective hourly rate of $1,610.26 was reasonable). A relevant factor, then, is the amount of time spent on the case, as compared to the amount requested. *See Gisbrecht,* 535 U.S. at 808. The amount requested here far exceeds what the Plaintiff's attorneys state to be market-based non-contingent rates, and rates for brief-writing, and thus constitutes a windfall. A downward adjustment is therefore warranted.

*a. The 406(b) Motion*

The district court's "discretion in respect to fee awards is extremely broad." *Bruce v. Comm'r of Soc. Sec.*, No. 5:20-CV-083-DCK, 2024 WL 1904335, at *3 (W.D.N.C. Apr. 30, 2024) (quoting *Pais v. Kijakazi*, 52 F.4th 486, 489 (1st Cir. 2022)). "[I]f the amount of the claimant's past-due benefits is 'large in comparison to the amount of time counsel spent on the case' in federal court, then the court may give counsel a smaller cut of those benefits—even if the parties agreed the attorney should receive the full 25% allowed under § 406(b)." *Id.* (quoting *Stephanie H. v. O'Malley*, No. 5:20-CV-0093, 2024 WL 504004, at *4 (W.D. Va. Feb. 9, 2024)) (quoting *Gisbrecht*, 535 U.S. at 808).

The Court finds, in its discretion, that a reasonable fee *in this case* is reached by multiplying the hours of the brief-writing attorneys (23.75) by an hourly rate that Plaintiff seems to agree is reasonable for an "experienced Social Security disability litigator" ($350.00), yet well above what the brief-writing attorneys contend their market rate to be, and multiplying the hours of the senior attorney (3.05) by the top of the hourly rate range ($425.00) for a combined total of $9,608.75. *See* Docs. No. 23 at 5, 23-4, 23-7, 23-8. To account for the "risk" associated with contingency arrangements, the Court applies a multiplier of 3.0 as suggested by Plaintiff, which brings the total to $28,826.25. Doc. No. 23 at 6.

Based on the foregoing, the Court has determined that a downward adjustment from $48,561.50 is appropriate here and that a reasonable fee, which still recognizes the risks inherent in this type of representation, is a net award of **$28,826.25**. This equates to an average hourly rate of approximately $1,075.00.

*b. The "Offsetting Method"*

Congress amended the EAJA in 1985 to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *O'Donnell v. Saul*, 983 F.3d 950, 956 (7th Cir. 2020) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)). In addition, 42 U.S.C. § 406(b)(1) provides that "the court may determine and allow as part of its judgment a reasonable fee." The Seventh Circuit further notes "[§ 406(b)(1)] plainly vests the court with discretion to award a reasonable fee and determine what that fee is. It certainly does not restrict that discretion by compelling the court to award whatever fee, in whatever form, the lawyer requests." *Id.* at 957.

While at least one court has found the Offsetting Method to be "appropriate and reasonable," numerous courts in the Western District of North Carolina have declined to follow that approach, recognizing it as a disfavored method that is not in alignment with Congressional intent. *Compare Widmer v. Kijakazi*, 668 F. Supp. 3d 446 (E.D. Va. 2023) (stating that the Offsetting Method is an "appropriate and reasonable alternative to granting a full fee award but ordering counsel to reimburse Plaintiff with the amount of the lesser award."), *with Reyes v. O'Malley*, No. 1:22-CV-00096-MR, 2024 WL 2119266 (W.D.N.C. May 10, 2024) (noting the plain language of the SSA "contemplates that where plaintiff's counsel seeks fee awards under

both statutes, counsel will 'refund' the smaller award to the plaintiff," and further concluding that the Court is not authorized to use the Offsetting Method), *Dipiazza v. Comm'r of Soc. Sec.*, No. 3:20-CV-00735-RJC, 2024 WL 3837881 (W.D.N.C. Aug. 15, 2024) (declining to use the Offsetting Method and calling it "disfavored"), *and Gross v. O'Malley*, No. 5:18-CV-00058-MR, 2024 WL 3941842, at *2 (W.D.N.C. Aug. 26, 2024) (noting that the Fourth Circuit Court of Appeals has not addressed whether the Offsetting Method is appropriate, and declining to follow it, concluding, "the statute does not authorize this Court to offset [the] award under § 406(b) in the manner requested."). The Seventh Circuit and the Tenth Circuit concur that even if the Offsetting Method is permissible under section 406(b)(1), it is "disfavored," and an attorney-to-claimant refund is preferred. *O'Donnell,* 983 F.3d at 957.

Therefore, while it might be more efficient, this Court concludes that the Offsetting Method does not align with Congressional intent, nor the practices of most courts in the Fourth Circuit, and thus, declines to follow it. Upon receipt of the § 406(b) fee, Plaintiff's counsel shall refund the EAJA fee of $5,900.00 to the Plaintiff.

### IV. CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that the Commissioner pay Plaintiff's counsel, George Piemonte, the sum of $28,826.25 and that Plaintiff's counsel pay to Plaintiff the sum of $5,900.00. Upon the payment of such sums, this case is dismissed with prejudice.

**SO ORDERED.**

Signed: October 31, 2024

Kenneth D. Bell
United States District Judge